IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORRIS WILLIAMS, | § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 4:25-cv-04729 |
| EQUIFAX INFORMATION SERVICES, LLC, | § § § | |
| Defendant. | § § § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Equifax Information Services LLC ("Equifax"), by counsel, respectfully submits this this Rule 56(d) Motion in Response to Plaintiff's Motion for Summary Judgment. In support of this motion, Equifax relies upon the accompanying Memorandum. For the reasons set forth more fully in the incorporated Memorandum below, Equifax requests that the motion be granted.

**INTRODUCTION**

*Pro* se Plaintiff Morris Williams ("Plaintiff") filed his Complaint on October 3, 2025. ECF No. 1. Equifax filed a Motion to Dismiss Plaintiff's Complaint on October 24, 2025, which it subsequently withdrew, and filed an Answer to Plaintiff's Complaint on December 24, 2025. ECF Nos. 6, 15, 17. Thereafter, Equifax filed an opposed Motion for Judgment on the Pleadings pursuant to Rule 12(c). ECF No. 20. Plaintiff's Motion for Partial Summary Judgment appears to be his opposition to Equifax's Motion for Judgment on the Pleadings.

On January 14, 2026, the Court entered a Scheduling Order establishing a deadline of July 26, 2026 to complete discovery in this case. ECF No. 25. Despite the fact that discovery is not

closed, Plaintiff filed a Motion for Partial Summary Judgment ("Plaintiff's Motion") on January 14, 2026. ECF No. 24. As set forth more detail in Equifax's accompanying declaration and because discovery is not completed – indeed it has just commenced – Equifax has been prevented from gathering all of the evidence necessary to respond to Plaintiff's allegations. In addition, at the close of discovery, Equifax intends to file its own motion for summary judgment. For the reasons set forth below, Plaintiff's Motion should be denied.

## **STANDARD**

Federal Rule of Civil Procedure 56(d) is designed to allow for "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Specifically, Rule 56(d) permits the Court to defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In other words, Rule 56(d) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment ruling until adequate discovery has been completed. *George v. Go Frac, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting that the grant of summary judgment is limited until there has been "adequate time for discovery"); *Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. 2019).

Rule 56(d) discovery motions "are broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). In fact, "'[c]ontinuance of a

motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992), *cert. denied*, 508 U.S. 910 (1993) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

To obtain relief under Rule 56(d), the nonmovant must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)). The party should also show that relevant discovery has been diligently pursued. *Id.* at \*4. In support of its request, a party seeking continuance of a motion for summary judgment must file a non-evidentiary affidavit explaining why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable it to present such evidence. *Culwell*, 468 F.3d at 873; *Parakkavetty v. Indus. Int'l, Inc.*, No. 3:02-CV-1461-D, 2004 WL 354317, at \*1 (N.D. Tex. Feb. 12, 2004).

## ARGUMENT

### A.   Plaintiff's Motion is Premature

Plaintiff's Motion is premature because discovery has not closed. Rule 56(b) provides "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56. However, "a district court should not grant summary judgment before the parties have completed discovery." *Galaxy Tire, Inc. v. Terwilliger*, 189 F.3d 469, at \*2 (5th Cir. 1999). In the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature. *See Gabarick v. Laurin Mar. (Am.), Inc.,* 406 F. App'x 883, 890 (5th Cir. 2010); *Sunbelt Sav., FSB Dall., Tex. v. Montross*, 923 F.2d 353, 358 (5th Cir.1991) (holding that grant of summary judgment was premature because the defendant needed additional time for discovery),

*reh 'g granted en banc*, 932 F.2d 363, *reinstated in part*, *Resolution Trust Corp. v. Montross*, 944 F.2d 227 (5th Cir.1991).

When a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, Federal Rule of Civil Procedure 56(d) authorizes the Court to (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. *See Prospect Cap. Corp. v. Mut. Of Omaha Bank,* 819 F.3d 754, 757 (5th Cir. 2016). In similar cases that are still in the early stages of litigation, courts routinely allow the parties a reasonable amount of time to engage in discovery before requiring a response to a motion for summary judgment. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) ("Summary judgment assumes some discovery."); *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) (a motion for summary judgment should not "ordinarily be granted before discovery has been completed").

Here, the Court has ordered that discovery closes on July 26, 2026. ECF No. 25. Plaintiff has filed his Motion prior to serving discovery to Equifax or even allowing Equifax to serve discovery in this case. Accordingly, the Equifax's Motion should be granted and Plaintiff's Motion should be denied.

**B.     Plaintiff's Motion Should Be Denied or Deferred Pursuant to Rule 56(d) Because Equifax Has Not Had The Opportunity to Conduct Essential Discovery Regarding Plaintiff's Claims and its Affirmative Defenses.**

Summary Judgment must be refused where the opposing party has not had any opportunity to complete discovery. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986). Pursuant to Rule 56(f), additional discovery is necessary for Equifax to properly oppose Plaintiff's Motion for Summary Judgment. It would be improper to consider summary judgment on Plaintiff's FCRA claims without the benefit of the information, which Plaintiff has yet to provide. *Phongsavane v. Potter*, No. CIVASA05CA0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005) (a motion

for summary judgment is premature where "basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims."). Equifax cannot brief a summary judgment response while being curtailed from seeking additional essential information regarding Plaintiff's FCRA claims and in support of its defenses.

Here, Equifax cannot ascertain the claims against it and has had no opportunity to complete any discovery regarding any allegations or claims contained in Plaintiff's Complaint. Furthermore, the entire period to complete discovery still remains open and to be completed in this case. Plaintiff's filing of a Motion for Summary Judgment prior to completing discovery is highly prejudicial to Equifax because Equifax has not yet had the opportunity to complete any discovery regarding Plaintiff's claims. Without the benefit of completing any discovery, Equifax cannot respond to Plaintiff's procedurally deficient Motion for Summary Judgment.

Equifax needs to complete discovery regarding Plaintiff's basis for the lawsuit. In particular, Equifax intends to pursue discovery regarding Plaintiff's motivations for filing this lawsuit, which Equifax believes are for the purposes of not obtaining a full credit file, but rather is for the purposes of "cleaning" or "scrubbing" Plaintiff's credit history. Indeed, Plaintiff's discovery upon Equifax inquiries into the accuracy of particular tradelines on his credit file, which are not at issue in his Complaint. Such would be evidence of filing for purposes of bad faith and harassment, and would entitle Equifax not only to judgment, but to an award of attorneys' fees in its favor. *See* 15 U.S.C. § 1681n(3). Equifax also requires discovery into whether there is a specific account or item of information that Plaintiff contends is inaccurate, what item of information or account Plaintiff contends is inaccurate, whether Plaintiff suffered any damages caused by Equifax, whether Equifax published any consumer reports without a permissible

purpose, and whether Plaintiff failed to mitigate his damages.[1] *See* Declaration of Ritika Singh, ¶¶ 2-4.

Furthermore, Equifax filed a Motion for Judgment on the Pleadings as to Plaintiff's claims because Plaintiff's allegations of truncation of account numbers and/or social security numbers do not state a claim under the FCRA. *See* ECF No. 20. Accordingly, Equifax cannot ascertain the claims against it. Equifax's Motion for Judgment on the Pleadings remains pending. As of the time of filing this Response, Equifax still cannot identify from the Complaint what items Plaintiff contends reported inaccurately at any time. Discovery is necessary for Equifax to respond to Plaintiff's Motion for Summary Judgment and it should therefore be denied or stayed until the discovery can be completed.

**C.    Judicial Economy**

Equifax intends to file its own motion for summary judgment after the close of discovery, which will address many of the issues raised in Plaintiff's Motion. Judicial economy would be promoted if the Court considers the issues on the parties' cross-motions for summary judgment, instead of considering and deciding the motions separately.

**D.    In the Alternative, the Court Should Extend the Deadline to Respond**

Alternatively, should the Court deny Equifax's Motion, Equifax requests that it be given leave to file a substantive response to Plaintiff's Motion within 21 days of the ruling hereon.

## CONCLUSION

For all the foregoing reasons, Equifax respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment, that Plaintiff be ordered to refile his Motion for Summary

---

[1] Indeed, Equifax has previously prevailed on the truncation issue at the summary judgment stage following discovery and expects it would to the same here. *See Washington v. Equifax*, No. 3:19-CV-00154, 2020 WL 5521411, at *6-7 (M.D. Tenn. Aug. 20, 2020), report and recommendation adopted, No. 3:19-CV-00154, 2020 WL 5513789 (M.D. Tenn. Sept. 14, 2020).

-7-

Judgment after the close of discovery. Alternatively, should the Court deny Equifax's Motion, Equifax requests that it be given leave to file a substantive response to Plaintiff's Motion for Summary Judgment within 21 days of the ruling hereon.

DATED: February 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ritika Singh*
Ritika Singh, *Admitted Pro Hac Vice*
risingh@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

-7-
323110446v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RULE 56(D) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

    Morris Williams, *plaintiff pro se*
    P.O. Box 114
    Hockley, Texas 77447

    */s/ Ritika Singh*
    Ritika Singh
    *Counsel for Defendant*
    *Equifax Information Services LLC*

323110446v.1