**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MORRIS WILLIAMS,<br><br>   Plaintiff<br><br> v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§  Case No. 4:25-cv-04729<br>§<br>§<br>§<br>§<br>§<br>§ |

**DECLARATION OF RITIKA SINGH IN SUPPORT OF DEFENDANT
EQUIFAX INFORMATION SERVICES LLC'S RULE 56(d) MOTION IN
RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

  I, Ritika Singh, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

  1. This declaration is submitted in support of Equifax's Rule 56(d) Motion in Response to Plaintiff's Motion for Partial Summary Judgment. I have personal knowledge of the facts stated herein, and if called upon to testify to those facts, I could and would competently do so.

  2. On January 14, 2026, the Court entered a Scheduling Order establishing a deadline of July 26, 2026 to complete discovery in this case. ECF No. 25. Accordingly, discovery has just commenced and is incomplete, preventing Equifax from obtaining meaningful discovery sufficient to fully develop its defense to Plaintiff's lawsuit. Indeed, Plaintiff's responses to Equifax's discovery requests are not yet due.

  3. Equifax needs to complete discovery before it can adequately response to Plaintiff's Motion for Partial Summary Judgment. As an initial matter, it is unclear to Equifax if the Motion

is proper Motion for Summary Judgment, or is just a response to Equifax's Motion for Judgment on the Pleadings (which Plaintiff has otherwise not responded to).

4. In any event, Equifax requires discovery to respond. First, Equifax will seek discovery regarding whether this lawsuit was filed for purposes of harassment or filed in bad faith. Equifax has reason to believe that the remedy Plaintiff seeks through his lawsuit is not a disclosure with untruncated account numbers, but rather seeks to scrub or clean Plaintiff's credit of negative, but accurate, tradelines. It is Equifax's position that a lawsuit filed for such purposes would entitle Equifax to a finding under 15 U.S.C. § 1681n(3) that the lawsuit was filed for improper purposes, and not only would entitle Equifax to judgment in its favor, but would also entitle Equifax to its attorney's fees.

5. Equifax also requires discovery regarding whether its truncation of account numbers and/or social security numbers provides to Plaintiff a cause of action in federal court. An essential element of an FCRA claim is causation of damages and a concrete injury, without which Plaintiff would lack the ability to even sue in this Court. Plaintiff cannot recover for a mere statutory violation. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210-11 (2021) (holding that in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a separate concrete harm). Plaintiff has alleged "emotional distress" and some sort of confusion, and Equifax is entitled to discovery regarding these allegations, including potentially into Plaintiff's medical records depending on his responses to discovery.

6. Equifax also requires discovery regarding the accuracy of the accounts or items of information at issue in this lawsuit, whether any consumer report Equifax published regarding Plaintiff contained an inaccuracy, whether there is a specific account or item of information that

Plaintiff contends is inaccurate, what item of information or account Plaintiff contends is inaccurate, whether Plaintiff suffered any damages caused by Equifax, whether Equifax published any consumer reports without a permissible purpose, and whether Plaintiff failed to mitigate his damages.  While Plaintiff's Complaint does not make allegations of any particular inaccuracy, Plaintiff has served discovery on Equifax regarding particular (derogatory) tradelines, again indicating that Plaintiff's suit is filed for bad faith purposes unrelated to his purported account truncation injury. Without completing discovery and receiving Plaintiff's discovery responses, these facts are not just in dispute, they have yet to be established.

7. To the extent that the Court finds that Plaintiff has shown that there is an absence of material fact in issue, of course Equifax contends that it, not Plaintiff, is entitled to judgment on the grounds set forth in Equifax's Motion for Judgment on the Pleadings.  At a minimum, Equifax's anticipated discovery is critical to its opposition of Plaintiff's summary judgment motion. Until Equifax is permitted to properly complete discovery pursuant to a scheduling order set forth by this Court, it is unable to obtain and review Plaintiff's evidence and Equifax is unable to garner the facts necessary to oppose summary judgment.

8. The foregoing information cannot be presented at this time because the necessary discovery has not been conducted and Plaintiff has not yet responded to Equifax's discovery requests. Obtaining such information will further establish that controverting evidence exists as to material facts. Additional time will allow Equifax to collect this information and successfully oppose Plaintiff's summary judgment motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of February 2026, in Dallas, Texas.

                                                */s/ Ritika Singh*
                                                Ritika Singh